# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT (F/K/A DEUTSCHE BANK AG); DEUTSCHE BANK SECURITIES INC.; CITIGROUP GLOBAL MARKETS LIMITED; CITIGROUP GLOBAL MARKETS INC.; RBC EUROPE LIMITED; RBC CAPITAL MARKETS LLC; HSBC BANK PLC; HSBC SECURITIES (USA) INC.; MORGAN STANLEY & CO. INTERNATIONAL PLC; and MORGAN STANLEY & CO. LLC,<br><br>    Defendants. | Case No. 1:23-cv-05095<br><br>The Honorable John G. Koeltl |

**DECLARATION OF PATRICK COUGHLIN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT WITH CITIGROUP GLOBAL MARKETS LIMITED, CITIGROUP GLOBAL MARKETS INC., HSBC BANK PLC, HSBC SECURITIES (USA) INC., RBC EUROPE LIMITED, RBC CAPITAL MARKETS, LLC, MORGAN STANLEY & CO. <u>INTERNATIONAL PLC, AND MORGAN STANLEY & CO. LLC</u>**

Pursuant to 28 U.S.C. §1746, I, Patrick Coughlin, declare:

1. I am of counsel at the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott"). I have been actively involved in prosecuting and resolving this Action, am familiar with its proceedings, and have personal knowledge of the matters set forth herein. If called upon and sworn as a witness, I would be competent to testify thereto.

2. Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Citigroup Global Markets Limited, Citigroup Global Markets Inc., HSBC Bank plc, HSBC Securities (USA) Inc., RBC Europe Limited and RBC Capital Markets, LLC, Morgan Stanley & Co. International plc, and Morgan Stanley & Co. LLC (the "Stipulation").

3. I respectfully submit this Declaration in support of the motion for preliminary approval of the Settlement between Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and Citigroup Global Markets Limited, Citigroup Global Markets Inc., HSBC Bank plc, HSBC Securities (USA) Inc., RBC Europe Limited and RBC Capital Markets, LLC, Morgan Stanley & Co. International plc, and Morgan Stanley & Co. LLC (together, "Settling Defendants").

4. The Stipulation provides for immediate cooperation from Settling Defendants in connection with Plaintiff's continued prosecution of claims against the remaining Defendants. As described below, Plaintiff anticipates that the cooperation to be provided will be valuable, as it served as the basis for the United Kingdom Competition and Markets Authority's ("CMA") findings that five banks unlawfully shared competitively sensitive information regarding Gilt Bonds through conversations in chatrooms.

5. Plaintiff and Plaintiff's Counsel had a thorough understanding of the strengths and weaknesses of the claims against Settling Defendants in the Action at the time they reached the Settlement.

6. For each of these reasons, and those set forth below, I believe that the Settlement is an excellent result for the Settlement Class in light of the substantial litigation risks with respect to asserting claims against Settling Defendants. Accordingly, I respectfully submit that pursuant to Federal Rule of Civil Procedure 23(e), the Settlement should be preliminarily approved.

## PLAINTIFF'S COUNSEL'S PROSECUTION OF THE ACTION

7. On May 24, 2023, the CMA issued a press release regarding the issues of a Statement of Objections which provisionally found that Citi, Deutsche Bank, HSBC, Morgan Stanley and Royal Bank of Canada[1] violated Chapter 1 of the United Kingdom Competition Act 1998 ("CA98"), proscribing "agreements" to "directly or indirectly fix purchase or selling prices or any other trading conditions" by "unlawful[] sharing [of] competitively sensitive information" in Bloomberg chatrooms related to the buying and selling of Gilt Bonds, which "included details

---

[1] Specifically, according to the press release, the statement of objections was addressed to the following entities: Citigroup Global Markets Limited and its ultimate parent company Citigroup Inc. (together "Citi"), Deutsche Bank Aktiengesellschaft ("DBAG"), HSBC Bank Plc and its ultimate parent company HSBC Holdings Plc (together "HSBC"), Morgan Stanley & Co. International Plc and its ultimate parent company Morgan Stanley (together "Morgan Stanley"), and RBC Europe Limited and its ultimate parent company Royal Bank of Canada (together "Royal Bank of Canada").

2

on pricing and other aspects of their trading strategies."[2]  The CMA reported that the five banks "broke competition law by taking part in a series of one-to-one online exchanges of competitively sensitive information on pricing and other aspects of their trading strategies on UK bonds."  *Id.*  DBAG and Citi applied for immunity under the CMA's leniency program, by which each admitted to their participation in the cartel and anticompetitive conduct in the buying and selling of Gilt Bonds.

8.      Following the CMA's disclosure of its five-year investigation and preliminary findings, on June 16, 2023, Oklahoma Firefighters filed its Complaint alleging a conspiracy by Deutsche Bank, Citigroup, RBC, HSBC, and Morgan Stanley during the Class Period in violation of U.S. antitrust laws.  *See Oklahoma Firefighters Pension and Retirement System v. Deutsche Bank Aktiengesellschaft (f/k/a Deutsche Bank AG), et al.*, No. 1:23-cv-05095, ECF No. 1 (S.D.N.Y. June 16, 2023).

9.      On August 11, 2023, Defendants filed a letter requesting a pre-motion conference in anticipation of their forthcoming motion to dismiss the Complaint.  ECF No. 51.  Plaintiff responded to the letter on August 21, 2023.  ECF No. 53.  On September 14, 2023, the Court held

---

[2]     *CMA provisionally finds 5 banks broke competition law on UK bonds*, COMPETITION AND MARKETS AUTHORITY (May 24, 2023), available at https://www.gov.uk/government/news/cma-provisionally-finds-5-banks-broke-competition-law-on-uk-bonds; TREATY ON THE FUNCTIONING OF THE EUROPEAN UNION, art. 101(a), May 5, 2008, O.J. (C 115), 88-89, available at https://competition-policy.ec.europa.eu/antitrust-and-cartels/legislation/competition-law-treaty-articles_en.

the pre-motion conference and ordered a briefing schedule, which it subsequently entered in a joint stipulation and scheduling order. ECF No. 60.

10. On September 28, 2023, Defendants filed two motions to dismiss – one for failure to state a claim and the other for dismissal for improper venue and lack of personal jurisdiction. ECF Nos. 62-69. Plaintiff responded to both motions on October 19, 2023. ECF Nos. 71-72. Defendants filed replies on November 9, 2023. ECF Nos. 74-75. The Court held oral arguments on September 6, 2024, and subsequently issued its September 13, 2024 Decision and Order. ECF No. 87 (the "September 13 Order").

11. The September 13 Order dismissed the Complaint without prejudice for failure to state a claim and permitted Plaintiff to seek leave to file an amended complaint that solves the deficiencies identified in the Order. ECF No. 87, at 33-34. The Court also stated that the failure to file an amended complaint by the required time would result in dismissal with prejudice. *Id.* at 33.

12. Specifically, the Court found that the Complaint failed to identify any direct or circumstantial evidence to support the claim that Defendants colluded with one another. *Id.* at 16. By failing to cite any chatroom conversations or any individual trade or pricing decision with specificity, the Court reasoned, Plaintiff's allegations of conspiracy were conclusory. *Id.* at 19. The Court further reasoned that allegations regarding the CMA's investigation into Defendants' conduct within the Gilts market, standing alone, did not provide direct or circumstantial evidence of a price-fixing conspiracy for Gilts traded within the United States. *Id.* at 16-18, 25-26.

13. Regarding Plaintiff's antitrust standing allegations, the Court held that Plaintiff did not point to any transaction in which it paid too much or received too little when it bought or sold a Gilt with any of the Defendants – finding that this case is not like other actions in the Southern

4

District of New York that have required a lower threshold for pleading antitrust injury because here Plaintiff failed to allege a plausible "pervasive" conspiracy to fix spreads in the United States Gilts market. *Id.* at 32-33.

14. After assessing the Court's various holdings and evaluating potential amendment, on September 20, 2024, Plaintiff requested leave from the Court to seek limited pre-Rule 26(f) discovery from Defendants to aid Plaintiff in amending the Complaint. ECF No. 90. Plaintiff sought documents and communications produced by Defendants to the CMA and deposition testimony concerning Defendants' pricing and trading decisions for Gilt Bonds in the United States. *Id.* On September 24, 2024, Defendants opposed Plaintiff's request. ECF No. 93. The Court held a telephone conference on September 27, 2024, denying the expedited discovery request, but setting a schedule by which Plaintiff could seek leave to amend the Complaint. ECF No. 94.

**SETTLEMENT NEGOTIATIONS WITH SETTLING DEFENDANTS**

15. After the motion for expedited discovery was denied, Plaintiff assessed the likelihood of an amended complaint being sustained based on currently available information, and concluded that Defendants' documents that had been produced to the CMA would address several aspects of the September 13 Order.

16. Plaintiff's Counsel then approached Settling Defendants' Counsel about possibly resolving the Action for cooperation from Settling Defendants.

17. On October 15, the Parties executed a binding Term Sheet. The Term Sheet requires Settling Defendants to provide significant and immediate cooperation – namely, the production of chats that were produced to the CMA – as soon as practicable upon entry of preliminary approval.

18. On October 16, 2024, the Parties informed the Court in a sealed filing that they had reached a settlement and sought a schedule for preliminary approval and the filing of a motion to amend. The next day, the Court set the schedule for preliminary approval and for Plaintiff to file its motion to amend.

19. Over the next two weeks, the Parties negotiated the terms of the Stipulation, executing the final agreement on October 31, 2024.

20. Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation.

21. The Settlement provides valuable consideration for the benefit of the Settlement Class. Settling Defendants are required to provide significant and immediate cooperation to Plaintiff as soon as practicable upon entry of preliminary approval. Stipulation, ¶2.1.1. The fact that Settling Defendants' cooperation comes early in the case greatly enhances its value. Settling Defendants' cooperation will include the production of chatroom transcripts, transactional data, and other documents and data which Plaintiff may request.

22. Settling Defendants' cooperation obligations include documents produced to the CMA, which the CMA used as the basis for its finding that Defendants unlawfully shared information regarding Gilt Bonds in violation of UK competition law, which Plaintiff intends to utilize in amending its complaint and arguing that the Court should sustain Plaintiff's claims.

23. In its September 13 Order, the Court the Court emphasized the value of chatroom communications and statistical evidence of parallel conduct in pleading an antitrust claim. ECF No. 87, at 16, 18 ("the complaint does not contain 'the rare smoking gun,' like chats that 'unmistakably show traders, acting on behalf of [the defendants], agreeing to fix prices at a specific level.'"). Plaintiff's Counsel believe that the timely cooperation received as part of the Settlement

6

with Settling Defendants places Plaintiff and the Class in a significantly improved position to replead their case and have the Action sustained.

## CONCLUSION

24.    For the reasons set forth above and in the accompanying memoranda of law, I respectfully submit that under Rule 23(e), the Settlement's terms are fair, reasonable, and adequate in all respects and should be approved.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2024, in San Diego, California.

*s/Patrick Coughlin*
PATRICK COUGHLIN

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/Patrick Coughlin*
PATRICK COUGHLIN