## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>    v.<br><br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT (F/K/A DEUTSCHE BANK AG); DEUTSCHE BANK SECURITIES INC.; CITIGROUP GLOBAL MARKETS LIMITED; CITIGROUP GLOBAL MARKETS INC.; RBC EUROPE LIMITED; RBC CAPITAL MARKETS LLC; HSBC BANK PLC; HSBC SECURITIES (USA) INC.; MORGAN STANLEY & CO. INTERNATIONAL PLC; and MORGAN STANLEY & CO. LLC,<br><br>                        Defendants. | Case No. 1:23-cv-05095<br><br>The Honorable John G. Koeltl |

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER
## GOVERNING THE CONFIDENTIALITY OF COOPERATION MATERIALS

WHEREAS, on January 22, 2025, (i) Plaintiff Oklahoma Firefighters Pension & Retirement System ("Plaintiff"), and (ii) Defendants Citigroup Global Markets Limited; Citigroup Global Markets Inc.; HSBC Bank plc; HSBC Securities (USA) Inc.; RBC Europe Limited; RBC Capital Markets, LLC; Morgan Stanley & Co. International plc; and Morgan Stanley & Co. LLC (collectively, the "Settling Defendants," and together with Plaintiff, the "Parties"), entered into an

Amended Stipulation and Agreement of Settlement (the "Stipulation") that, if approved, would resolve all claims asserted against the Settling Defendants in the Action;[1]

WHEREAS, in consideration of the Settlement, subject to the Court's approval, each Settling Defendant has agreed to provide to Plaintiff certain Cooperation Materials, as provided under ¶ 2.3 of the Stipulation;

WHEREAS, the Cooperation Materials may contain: (i) materials protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine, the joint defense privilege, bank or regulatory privileges, data privacy laws or regulations (including laws or regulations protecting personal information), and/or other applicable privileges, protections, laws, regulations, policies, or other rules of any governmental body protecting disclosure of documents; (ii) trade secrets or other confidential commercial information within the meaning of Fed. R. Civ. P. 26(c); and (iii) other private or competitively or otherwise sensitive information for which safeguarding and protection from public disclosure or other use is warranted;

WHEREAS, the Parties anticipate that (i) certain Cooperation Materials may contain information that is Foreign Personal Data and/or Personally Identifying Information (as defined at 1.6 and 1.11 below, respectively) and may only be disclosed in compliance with foreign data protection laws, including but not limited to Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 (the "General Data Protection Regulation") and/or the General Data Protection Regulation (as it forms part of the law of England and Wales, Scotland and Northern Ireland by virtue of section 3 of the European Union (Withdrawal) Act 2018 (the "UK Data Protection Regulation")), and (ii) certain of such information, including the identities of

---

[1]    All capitalized words and terms that are not otherwise defined herein have the same meaning ascribed to them in the Stipulation (ECF No. 115-1).

certain current or former employees of Settling Defendants, is believed by Plaintiff's Counsel to be essential to Plaintiff's Counsel's ability to understand the Cooperation Materials and use them to prepare an amended complaint in the Action;

WHEREAS, the Parties intend that this Order will preserve to the fullest extent permitted by applicable law all rights and protections conferred by the General Data Protection Regulation, the UK Data Protection Regulation, and any other applicable privilege, protection, or immunity;

WHEREAS, Plaintiff agreed to treat all Cooperation Materials as highly confidential attorneys' eyes-only pending the execution of a separate agreement governing the confidentiality of Settling Defendants' Cooperation Materials or entry of a stipulated protective order by the Court (ECF No. 115-1 ¶ 2.6);

NOW THEREFORE, the Parties hereby stipulate to and petition the Court to enter the Order pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## I.    DEFINITIONS

1.1    "Confidential Banking Data" means any bank secrecy, personal, or private information that a Settling Defendant reasonably believes is subject to any foreign or domestic statutes, regulations, or other laws applying to information held in the ordinary course by financial institutions that prohibit or otherwise limit the disclosure of such information.

1.2    "Confidential Material" means any Cooperation Material that the Settling Defendant reasonably and in good faith believes constitutes or reveals:  (i) confidential trade secrets; (ii) non-public, confidential, proprietary, or commercial information not readily ascertainable through lawful means by the public or Plaintiff; (iii) non-public personal, client, or customer information concerning individuals or other entities; (iv) information that is subject to privacy protection under applicable federal, state, local, or foreign law; or (v) information that has been deemed by a relevant domestic or foreign court or regulatory authority to require confidential

3

Case 1:23-cv-05095-JGK   Document 126   Filed 03/24/25   Page 4 of 31

treatment. A Settling Defendant may designate any Cooperation Material, in whole or in part, as "Confidential Material" by stamping it "CONFIDENTIAL." Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

1.3    "Cooperation Material" means all information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, transaction data, electronically stored information, testimony, depositions, declarations, and/or other information produced by Settling Defendants to Plaintiff pursuant to the terms of the Stipulation.

1.4    "Counsel" (without qualifier) means Outside Counsel and In House Counsel.

1.5    "Expert" and/or "Consultant" means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

1.6    "Foreign Personal Data" means any information that a Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy or secrecy obligations. If any Settling Defendant provides Cooperation Material that contains Foreign Personal Data, such Settling Defendant may designate such Cooperation Materials as Highly Confidential Material under the terms of this Order. Nothing in this paragraph shall be used to imply that any such law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Foreign Personal Data."

1.7    "Highly Confidential Material" means Cooperation Material that the Settling Defendant reasonably and in good faith believes contains information for which (i) unauthorized disclosure could compromise and/or jeopardize the Producing Party's competitive business interests in the reasonable opinion of the Producing Party; or (ii) applicable foreign or domestic laws, courts, or regulatory authorities require the equivalent of "Highly Confidential" treatment. A Settling Defendant may designate any Cooperation Material, in whole or in part, as "Highly Confidential Material" by stamping it "HIGHLY CONFIDENTIAL."   Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Highly Confidential."

1.8    "In House Counsel" means attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Cooperation Material is reasonably necessary in connection with this Action.

1.9    "Order" or "Protective Order" means this stipulated protective order approved by the Court pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

1.10    "Outside Counsel" means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.11    "Personally Identifying Information" includes, but is not limited to, Social Security Numbers, driver's license or other identification numbers, personal financial information (such as, but not limited to, tax information, bank account numbers, and credit card numbers), sensitive personal information (such as, but not limited to, health information, gender identity, race, political affiliation, and information about family members), insurance claim numbers, and insurance

Case 1:23-cv-05095-JGK    Document 126    Filed 03/24/25    Page 6 of 31

policy numbers, and the names and private contact information of individual employees or agents of the Settling Defendants, or any other individuals not a Party to this Action.

1.12    "Producing Party" means any Settling Defendant that produces Cooperation Material pursuant to the terms of the Stipulation.

1.13    "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.14    "Protected Material" means any Cooperation Material that is designated as Confidential or Highly Confidential.

1.15    "Privileged Material" means Cooperation Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable statute, law, regulation, privilege, or immunity from disclosure.

1.16    "Subject Persons" means any person or entity (regardless of location or jurisdiction) who is subject to this Order, including, but not limited to, Plaintiff, Plaintiff's Counsel, the undersigned Counsel, and any other person that is given access to or makes use of any of Cooperation Material produced pursuant to this Order.

## II.    SCOPE

2.1    The protections conferred by this Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Settling Defendants or their In House Counsel or Outside Counsel that reveal Protected Material. However, the protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to Plaintiff or

becomes part of the public domain after its disclosure to a Plaintiff as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

2.2    Subject Persons shall not use any Cooperation Material for any other purpose beyond prosecuting this Action.    Specifically, the Parties expressly agree that Cooperation Material provided by Settling Defendants shall not be used for the institution or prosecution of any other action or proceeding in any foreign or domestic jurisdiction, including any action or proceeding against any Released Defendant Persons, or for any other purpose whatsoever.    For the avoidance of doubt, neither Plaintiff nor its Counsel nor any Subject Person may use Cooperation Material in any manner—either directly or indirectly—to pursue any action or otherwise support any theory of liability or complaint in any other foreign or domestic action or proceeding.

2.3    If any Subject Person uses Cooperation Material for purposes other than those set forth in this Order, Settling Defendants reserve all rights to pursue any legal or equitable remedies against any Subject Person in any appropriate foreign or domestic jurisdiction, including the right to bring suit in this Court to enforce the terms of this Order.    Subject Persons hereby consent to the jurisdiction of this Court as set forth in Section XVIII.

2.4    This Order is not binding on the Court or Court personnel.    The Court reserves the right to amend it at any time.

**III.    DURATION**

3.1    The confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or this Court orders otherwise.

**IV.    DESIGNATING PROTECTED MATERIAL**

4.1    <u>Manner and Timing of Designations</u>:    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced.  Designation in conformity

with this Order requires:

(a)    For information in non-native documentary form (including imaged

documents), that the Producing Party affix the legend "Confidential" or "Highly Confidential" to

each page of the document and/or include the applicable designation in the metadata produced for

such document.

(b)    For information produced in electronic, audio, or video format, and for any

other tangible items, that the Producing Party affix the legend "Confidential" or "Highly

Confidential" in a prominent place on the item itself or exterior of the container or containers in

which the information or item is stored, in any metadata accompanying the production, and/or in

the electronic file name, in any suitable and readily viewable manner.  Whenever Plaintiff reduces

such information to hard copy form, to the extent such pages have not previously been marked by

the Producing Party, Plaintiff shall mark the hard copy by affixing the designation "Confidential"

or "Highly Confidential" to each page of such document.

(c)    For documents produced in native format, that the Producing Party include

the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced

for such documents and on the placeholder page.

(d)    For all other Cooperation Material, placing or affixing on each page of such

material, a "Confidential" or "Highly Confidential" designation.

4.2    <u>Inadvertent Failures to Designate</u>:  If a Settling Defendant discovers that it

produced material that was not designated as Protected Material or that it produced material that

was designated as Protected Material but had designated that Protected Material in the incorrect

category of Protected Material, the Settling Defendant may promptly notify Plaintiff, in writing,

of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Settling Defendant shall provide re-labeled copies of the material to Plaintiff reflecting the change in designation. Plaintiff shall make best efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Cooperation Material under the terms of this Order, Plaintiff shall make best efforts to retrieve the Cooperation Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's rights to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, Plaintiff, upon notification of the designation, must make best efforts to assure that the material is treated in accordance with the provisions of this Order.

4.3     _Different Designations of Same Material_:  In the event that more than one Settling Defendant designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall be treated as having the highest level of confidentiality designated by any Settling Defendant.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     _Meet and Confer_:  If Plaintiff elects to challenge a Settling Defendant's confidentiality designation, it must do so in good faith and must begin the process by notifying the Producing Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing

a basis for the challenge.  Plaintiff and the Producing Party shall promptly meet and confer concerning the objection.

5.2    Judicial Intervention:    If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in ¶ 5.1 above, the Producing Party may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Producing Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within ten (10) days of the ruling.

## VI.    CONFIDENTIAL BANKING DATA, FOREIGN PERSONAL DATA, AND PERSONALLY IDENTIFYING INFORMATION

6.1    Meet and Confer:  To the extent that a Settling Defendant reasonably believes that its production of Cooperation Materials would implicate Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information, the Settling Defendant shall promptly inform Plaintiff of such an issue, and the Settling Defendant shall meet and confer with Plaintiff on the nature of the Cooperation Materials that implicate such foreign laws and any conditions such laws place on the production of those materials.

6.2    Manner of Redactions:  Subject to the notification and conferral process set forth in ¶ 6.1 of this Order, any Settling Defendant may, prior to producing Corporation Materials, pseudonymize, anonymize, or redact Cooperation Materials that such Settling Defendant believes in good faith constitute Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information.

(a)    The Producing Party shall inform Plaintiff's Counsel of any redactions that relate to Personal Identifying Information, "Confidential Banking Data" or "Foreign Personal Data" as appropriate.

(b)    Settling Defendants shall preserve unredacted versions of all Cooperation Materials throughout the Action.  If Counsel for a Producing Party agrees or if the Court orders that Cooperation Materials initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Cooperation Materials are subsequently produced in unredacted form, then that unredacted Cooperation Materials shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

(c)    The right to challenge and the process for challenging redactions shall be the same as the right to challenge and process for challenging a confidentiality designation as set forth in Section V of this Order.

6.3    <u>Manner of Designations</u>:    If any Settling Defendant produces Cooperation Materials that contain Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information, the Producing Party may designate such Cooperation Materials as Highly Confidential under the terms of this Order and such Cooperation Materials shall thereafter be subject to the protections set forth in this Order for Cooperation Material designated as Highly Confidential.

6.4    <u>Waiver</u>:    The production of Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information (including metadata) that has not been redacted, whether inadvertent or otherwise, and without regard to whether or not the Producing Party took reasonable steps to prevent disclosure, does not constitute a waiver of any protection from discovery in this

Action or in any other proceeding under any federal, state, or foreign data protection or banking secrecy laws or regulations or other privacy or secrecy obligations. This provision shall be interpreted to provide the maximum protection allowed by the Fed. R. Evid. 502(d).

6.5    <u>Unintentional Production</u>:    If any Producing Party notifies Plaintiff of an unintentional production of Cooperation Materials containing Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information that has not been redacted, Plaintiff shall apply the same procedures as for the claw back of Privileged Material set forth in Section XIII of this Order.

6.6    <u>Filing Unredacted Materials</u>: All Cooperation Materials filed on the Court's docket that contain Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information that has not been redacted, including, *inter alia*, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings, shall be filed in redacted form or under seal in accordance with the rules of the Court. Confidential Banking Data, Foreign Personal Data and/or Personally Identifiable Information filed under seal must be kept under seal until further order of the Court.

6.7    <u>Additional Protections</u>: Entry of this Order shall not prejudice the right of any Party to seek other or further relief from the Court, including, but not limited to, other protections necessary to produce Confidential Banking Data, Foreign Personal Data, and/or Personally Identifying Information or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## VII.    ACCESS TO AND USE OF COOPERATION MATERIALS

7.1    <u>Disclosure of Confidential Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, material designated "Confidential" may be disclosed by Plaintiff only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)    Plaintiff's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    In House Counsel, and to the extent that such disclosure is reasonably necessary for the Action in the opinion of Counsel for the Parties, current officers, directors, or employees of Plaintiff;

(c)    Experts and/or Consultants retained by Plaintiff or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" ("Exhibit A"), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the person responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)    the Court and its personnel in this Action and any appellate court in this Action, subject to the requirements of Section IX, below;

(e)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)    the author, addressees, or recipients of documents, or any other natural person who Counsel has a good faith reasonable belief had reviewed or had access to such documents during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the documents (or its accompanying metadata), provided, however, that (i) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by Plaintiff's Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)    any other person agreed to by the Producing Party in writing; and

(i)    any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section XV below.

7.2    <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, material designated "Highly Confidential" may be disclosed by Plaintiff only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)    Plaintiff's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    Experts and/or Consultants retained by Plaintiff or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed Exhibit A, provided that

Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the person responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(c)    the Court and its personnel, subject to the requirements of Section IX, below;

(d)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(e)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(f)    the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (ii) the witness is explicitly informed by Plaintiff's Outside Counsel that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(g)    any other person agreed to by the Producing Party in writing; and

(h)    any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section XIV below.

7.3    <u>Standard of Care</u>:  Plaintiff shall maintain any Protected Material that is provided under this Order in a secure and safe manner that ensures that access is limited to the persons authorized under this Protective Order.  Plaintiff shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material, including the use of eDiscovery vendors or claims administrators capable of complying with such laws to store such documents.  All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.  If Plaintiff receives Confidential Banking Data, Foreign Private Data, and/or Personally Identifying Information, Plaintiff shall protect these materials with the same degree of care that Plaintiff uses to protect and safeguard its own proprietary information.   Any such copies, reproductions, extraction, or abstractions are subject to the same restrictions and controls.

7.4    <u>Loss of Protected Material or Breach of Security</u>:  If Plaintiff or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to any Settling Defendants' Protected Material, Plaintiff or the authorized recipient shall : (i) promptly provide written notice to the Producing Party of such breach; (ii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iii) take all appropriate corrective actions to terminate the unauthorized access.

7.5    <u>Compliance With and Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above in any Section, shall be responsible for assuring compliance with the terms of this Order with respect to person to whom Protected Material is disclosed.  Such Counsel shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

7.6    <u>Retention of Protected Material</u>:  Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in ¶¶ 7.1 (g), (h), and (i) who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in ¶¶ 7.2 (f), (g), and (h) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## VIII.    UNAUTHORIZED DISCLOSURE

If Plaintiff learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Person or in any circumstance not authorized under this Order, Plaintiff must, immediately, (a) notify in writing the Producing Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such Person or Persons to execute Exhibit A.

## IX.    FILING PROTECTED MATERIAL

In the event that Plaintiff's Counsel determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or

making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court. The Parties will attempt to resolve any disputes regarding confidentiality designations three (3) days before any such filing or submission. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal. Protected Material filed under seal must be kept under seal until further order of the Court. If Plaintiff files a pleading or other paper that includes Protected Material under seal, Plaintiff must also file on the public record a version of the pleading or other paper from which the Protected Material has been redacted.

## X.    USE OF PROTECTED MATERIAL AT TRIAL

This Order does not address how Protected Material will be used at trial. The undersigned agree to meet and confer concerning the use of any Protected Material during the trial of this Action. The parties may raise this issue in pre-trial motions. The use of Protected Material at trial shall not cause such Protected Material to lose its status as Protected Material.

## XI.    SETTLING DEFENDANTS' USE OF THIER OWN OR INDEPENDENTLY OWNED DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Settling Defendant's or any other Person's use of its own documents, including documents obtained independently and lawfully from sources other than Settling Defendants, nor shall it affect any Settling Defendant's or any other Person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## XII.   ASSERTIONS OF PRIVILEGE

12.1    This Order is without prejudice to any Settling Defendant's right to assert that any Cooperation Material is subject to any applicable claim of privilege or protection, including, but

not limited to, the attorney-client privilege, work product doctrine, the common interest privilege, the joint defense privilege, the bank or examination privileges, and any obligations under applicable data privacy laws or regulations (including those available under European Union and English law) and is without prejudice to any other party's right to contest such a claim of privilege or protection.

12.2    To the extent any Settling Defendant withholds or redacts Cooperation Materials based on any of the forgoing privileges, protections, laws, or regulations, that Settling Defendant shall, within fourteen (14) days of substantial completion of the production of Cooperation Materials, provide Plaintiff with a categorical privilege log with respect to any withheld documents and, if not apparent from the context of the redaction, upon request, provide Plaintiff with reasonable categorical information regarding redacted material sufficient to enable Plaintiff to assess the claim.

12.3    Any dispute or controversy arising out of or relating to the scope of any of the foregoing privileges, protections, laws, or regulations shall be discussed first among Counsel for the Parties, and if that discussion fails to resolve the dispute, the Parties may bring the dispute to the Court for resolution in accordance with this Order.

## XIII.  CLAW BACK OF PRIVILEGED MATERIAL

13.1    The unintentional production of Cooperation Material containing Privileged Material that has not been redacted shall not constitute a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding. In order to claw back Privileged Material that was produced, the Producing Party must provide notice in writing to Plaintiff specifying the production number of the Cooperation Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

13.2    Upon notice that a Settling Defendant wishes to claw back Cooperation Material

protected as Privileged Material, Plaintiff shall promptly return to the Producing Party or destroy

all summaries or copies of such Privileged Material, and if destroying the documents, shall certify

that destruction to the Producing Party, and shall not use such items for any purpose until further

order of the Court or agreement of the parties.    In all events, such return, destruction, and

certification must occur within seven (7) days of receipt of the request, unless Plaintiff provides

notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5)

(the "Challenge Notice"), in which event Plaintiff may retain a copy (the "Retained Copy") of the

disclosed material to prosecute its challenge to the assertion of protection.    Having provided a

Challenge Notice, Plaintiff must raise a challenge with the Court within thirty (30) days of that

Challenge Notice, or otherwise return or destroy the Retained Copies within that period.

Moreover, in the event a Challenge Notice is provided, Plaintiff shall make no use of the

Cooperation Material subject to the request for return until the Challenge is resolved.    However,

Plaintiff may request an extension of the deadline for the return or destruction of Retained Copies,

and such extension shall not be unreasonably withheld.    For the avoidance of doubt, nothing in

this paragraph shall be construed as restricting the right of any Party to challenge a claim of

privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant

laws after return or destruction of the Retained Copy.    Any motion to compel production by

Plaintiff shall not rely on any portion of the document. The return of any Cooperation Material to

the Producing Party shall not in any way preclude Plaintiff from moving the Court for a ruling that

the disclosed information is not privileged or that such privilege has been waived; however,

Plaintiff may not assert as a basis for the relief it seeks the fact or circumstance that such privileged

documents have already been produced.  Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

13.3    Consistent with Fed. R. Evid. 502(d), if Plaintiff at any time notifies any Settling Defendant that it, for any reason, disclosed Cooperation Material that is Privileged Material that is protected from disclosure, or Plaintiff discovers such disclosure (in which case Plaintiff shall give the Producing Party prompt notice), the disclosure alone, consistent with Rule 502(d), shall not be deemed a waiver—in the Action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

## XIV.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice, provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## XV.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

15.1    If Plaintiff is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," Plaintiff must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Producing Party, in

writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable after receipt unless production is required earlier, in which case the notice must be made in time for Plaintiff to take steps as set forth below.

15.2    Plaintiff also must promptly inform the Person that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

15.3    In addition, Plaintiff must deliver a copy of this Order promptly to the Person in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, Plaintiff shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if Settling Defendant (a) consents, or (b) fails to file a motion to quash or fails to notify the Producing Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event Plaintiff may produce on the production date, but no earlier.

15.4    In connection with any production of Confidential or Highly Confidential Material subject to this Order, Plaintiff shall request confidential treatment for the Confidential or Highly Confidential Material.

15.5    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford Settling Defendant an opportunity to try to protect its confidentiality interest in the matter

or proceeding in connection with which the discovery request, subpoena, or order is issued. Settling Defendant shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging Plaintiff to disobey, or to risk contempt of, a lawful directive from another court.

15.6    In the event that Cooperation Material is produced to any non-settling defendant(s), or any other person or entity that is not named party to the Action, as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Cooperation Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XVI. DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions and over the Subject Persons following termination of this Action. All provisions of this Order restricting the use of "Confidential" and "Highly Confidential" information shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by Settling Defendants or as required by local data protection laws, within sixty (60) days after the final termination of this Action, including any appeals, Plaintiff shall return to Settling Defendants all Protected Material or, at the option of Plaintiff, to destroy all Protected Material. In either case, Plaintiff shall, upon request, provide Settling Defendants with a certification stating that it has destroyed or returned the Confidential or Highly Confidential documents, except for (i) such information or material that was transmitted electronically and

whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, or work product. In that case, counsel of record shall continue to treat the Confidential or Highly Confidential Discovery Material in accordance with this Order.

## XVII.  AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or any other Person not a Party to this Action from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

## XVIII. JURISDICTION

The Court shall retain jurisdiction over the Subject Persons and any other persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XIX.  VIOLATIONS OF PROTECTIVE ORDER

In the event that any Person or Party should violate the terms of this Protective Order, the aggrieved Settling Defendant may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The Parties, the Subject Persons and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order.

## XX.  NEW PARTIES TO THIS ACTION

In the event that additional persons or entities become parties to this Action, such parties shall not have access to the Cooperation Materials until the newly joined parties or their counsel

endorse a copy of Exhibit A and file it with the Court. Notwithstanding the foregoing, any additional plaintiffs represented by the undersigned Plaintiff's Counsel named in a subsequent amended complaint are presumed to be bound by the terms of this Protective Order and need not endorse a copy of Exhibit A and file it with the Court.

**XXI.   EXECUTION**

This Order may be executed in counterparts. This Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so ordered by the Court.

Dated: March 21, 2025
New York, New York

This Order is not binding on
the Court or Court personnel.
The Court reserves the right
to amend it at any time.

So ordered.

_____ U.S.D.J.
3/25/25

25

**SO STIPULATED:**

**On behalf of Plaintiff and the Proposed Settlement Class:**

Patrick J. Coughlin
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: pcoughlin@scott-scott.com

**On behalf of Citigroup Global Markets Limited and Citigroup Global Markets Inc.:**

Boris Bershteyn
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Email: boris.bershteyn@skadden.com

**On behalf of HSBC Bank plc and HSBC Securities (USA) Inc.:**

Katrina M. Robson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Email: krobson@willkie.com

**On behalf of RBC Europe Limited and RBC Capital Markets, LLC:**

Alexander J. Willscher
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Email: willschera@sullcrom.com

**On behalf of Morgan Stanley & Co. International plc and Morgan Stanley & Co. LLC:**

Michael A. Paskin
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Email: mpaskin@cravath.com

26

**SO STIPULATED:**

**On behalf of Plaintiff and the Proposed
Settlement Class:**

Patrick J. Coughlin
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: pcoughlin@scott-scott.com

**On behalf of Citigroup Global Markets Limited
and Citigroup Global Markets Inc.:**

Boris Bershteyn
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Email: boris.bershteyn@skadden.com

**On behalf of HSBC Bank plc and HSBC
Securities (USA) Inc.:**

Katrina M. Robson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Email: krobson@willkie.com

**On behalf of RBC Europe Limited and RBC
Capital Markets, LLC:**

Alexander J. Willscher
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Email: willschera@sullcrom.com

**On behalf of Morgan Stanley & Co.
International plc and Morgan Stanley & Co.
LLC:**

Michael A. Paskin
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Email: mpaskin@cravath.com

26

**SO STIPULATED:**

**On behalf of Plaintiff and the Proposed Settlement Class:**

**On behalf of Citigroup Global Markets Limited and Citigroup Global Markets Inc.:**

_____

Patrick J. Coughlin
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: pcoughlin@scott-scott.com

_____

Boris Bershteyn
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Email: boris.bershteyn@skadden.com

**On behalf of HSBC Bank plc and HSBC Securities (USA) Inc.:**

_____

Katrina M. Robson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Email: krobson@willkie.com

**On behalf of RBC Europe Limited and RBC Capital Markets, LLC:**

_____

Alexander J. Willscher
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Email: willschera@sullcrom.com

**On behalf of Morgan Stanley & Co. International plc and Morgan Stanley & Co. LLC:**

_____

Michael A. Paskin
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Email: mpaskin@cravath.com

26

**SO STIPULATED:**

**On behalf of Plaintiff and the Proposed
Settlement Class:**

**On behalf of Citigroup Global Markets Limited
and Citigroup Global Markets Inc.:**

_____

_____

Patrick J. Coughlin
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: pcoughlin@scott-scott.com

Boris Bershteyn
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Email: boris.bershteyn@skadden.com

**On behalf of HSBC Bank plc and HSBC
Securities (USA) Inc.:**

_____

Katrina M. Robson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Email: krobson@willkie.com

**On behalf of RBC Europe Limited and RBC
Capital Markets, LLC:**

_____

Alexander J. Willscher
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Email: willschera@sullcrom.com

**On behalf of Morgan Stanley & Co.
International plc and Morgan Stanley & Co.
LLC:**

_____

Michael A. Paskin
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Email: mpaskin@cravath.com

26

**SO ORDERED.**

HON. JOHN G. KOELTL
United States District Court Judge

Dated: _____3/25_____, 2025
New York, New York

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any Time.

So ordered

3/25/25 — U.S.D.J

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I, _____, have been informed that on the _____

day of _____, 20 ___, the U.S. District Court for the Southern District of New York

entered a Protective Order in the *Oklahoma Firefighters Pension & Retirement System v. Deutsche

Bank AG, et al.*, No. 1:19-cv-2601.  I have read the Protective Order, I agree to abide by the

obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction

of the U.S. District Court for the Southern District of New York for purposes of any proceeding

related to the Protective Order, including my receipt or review of information that has been

designated as "Confidential" or "Highly Confidential."

Printed Name: _____

Signature: _____

Signed in _____ on the _____ day of _____, 20 ___.