**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OHIO CARPENTERS PENSION FUND, and HEHMEYER, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT (F/K/A DEUTSCHE BANK AG); DEUTSCHE BANK SECURITIES INC.; CITIGROUP GLOBAL MARKETS LIMITED; CITIGROUP GLOBAL MARKETS INC.; RBC EUROPE LIMITED; RBC CAPITAL MARKETS LLC; HSBC BANK PLC; HSBC SECURITIES (USA) INC.; MORGAN STANLEY & CO. INTERNATIONAL PLC; and MORGAN STANLEY & CO. LLC,<br><br>Defendants. | Case No. 1:23-cv-05095<br><br>The Honorable John G. Koeltl |

**<u>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER</u>**

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned matter agree that the proceedings may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and Personally Identifiable Information ("PII"), documents, and other materials;

WHEREAS, the Parties anticipate that (i) certain materials produced may contain information that is Foreign Personal Data and/or PII and may only be disclosed in compliance with foreign data protection laws, including but not limited to Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 (the General Data Protection Regulation)

and/or the General Data Protection Regulation (as it forms part of the law of England and Wales, Scotland and Northern Ireland by virtue of section 3 of the European Union (Withdrawal) Act 2018 (the UK Data Protection Regulation)), and (ii) certain of such information, including the identities of certain current or former employees of Defendants is believed by Plaintiff's Counsel to be essential to Plaintiff's Counsel's ability to understand Disclosures or Discovery Material and use them to prosecute the litigation;

WHEREAS, the Parties intend that this Order will preserve, to the fullest extent permitted by applicable law, all rights and protections conferred by the General Data Protection Regulation, the UK Data Protection Regulation, and any other applicable privilege, protection, or immunity;

WHEREAS, the Parties agree that such "Confidential Information" or "Highly Confidential Information" will be disclosed only as provided in this Stipulated Protective Order ("Order");

WHEREAS, the Parties may serve subpoenas for production of documents on certain other individuals and entities that are not Parties, but that may be entitled to the same types of privileges, protections, and assurances of confidentiality available to or agreed upon by the Parties; and

WHEREAS, because a purpose of this Order is to protect and preserve confidential documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

NOW THEREFORE, the Parties seek entry of this Order, pursuant to Federal Rule of Civil Procedure 26(c)(1), governing the disclosure of documents and information designated as "Confidential Information" or "Highly Confidential Information" on the terms set forth herein.

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 4 of 33

**IT IS HEREBY ORDERED THAT:**

## I. DEFINITIONS

1. **Challenging Party**: a Party or Non-Party that challenges the designation of Disclosures or Discovery Material under this Order.

2. **Confidential Information**: any document, or any portion thereof, (regardless of how generated, stored, or maintained) that the Designating Party reasonably and in good faith believes contains certain confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the producing Party or Non-Party that has not been made public or is not otherwise available or accessible in the public domain. Confidential Information may appear within one or more of the following categories: (i) information prohibited from disclosure by statute or contractual agreement; (ii) PII or sensitive personal information; (iii) trade secrets or other confidential or proprietary research, development, or commercial information, or other information that may be competitively sensitive, which the Party has maintained as confidential or the disclosure of which may have the effect of causing harm to any Party or person from whom the information was obtained or to any Party's or person's privacy; and (iv) information that is subject to privacy protection under applicable federal, state, local, or foreign law. Confidential Information does not include information or documents that are available to the public other than through breach of this Order, nor information or documents that have not previously been kept in a confidential manner.

3. **Counsel (without qualifier)**: Outside Counsel and In-House Counsel (as well as their respective support staff).

4. **Designating Party**: a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "Confidential Information" or "Highly Confidential Information."

5. **Disclosures or Discovery Material**: all information, regardless of the medium or manner generated, stored, maintained, or revealed including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or information produced, given, exchanged by, obtained, used, or generated in this litigation, regardless of whether the production, use, or generation occurred prior to the entry of this Order.

6. **Expert and/or Consultant**: a person with specialized knowledge or experience in a matter pertinent to this litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation. This definition includes a professional jury or trial consultant retained in connection with this litigation.

7. **Foreign Personal Data**: any information that a Designating Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy or secrecy obligations. If any Designating Party produces Discovery Material that contains Foreign Personal Data, such Designating Party may designate such Discovery Material as Highly Confidential under the terms of this Order. Nothing in this paragraph shall be used to imply that any such law permits, or does not permit, the production of certain data, regardless of whether such data is designated as Foreign Personal Data.

8. **Highly Confidential Information**: Confidential Information that the Designating Party reasonably and in good faith believes contains: (i) trade secrets or other information that the Designating Party reasonably believes the unauthorized disclosure of which would create a substantial risk of competitive, commercial or financial harm to the Designating Party or its personnel, clients, customers, or others; (ii) non-public personal, client, or customer information;

or (iii) information for which applicable law—foreign or domestic—requires the equivalent of Highly Confidential treatment, including, but not limited to, foreign bank secrecy or data protection laws applicable to the Designating Party or its information. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as Highly Confidential.

9. **In-House Counsel**: attorneys who are employees of a Party or its affiliate (as well as their support staff).

10. **Non-Party**: any individual or entity that is not a Party to this litigation.

11. **Outside Counsel**: attorneys who are not employees of a Party, but who are retained to represent or advise a Party in the litigation (as well as their support staff).

12. **Party**: any Party to this litigation, including its officers, directors, and employees.

13. **Personally Identifiable Information ("PII")**: Personally Identifiable Information, which, for purposes of this Order, means: payment card numbers, financial account numbers, social security numbers, driver's license numbers, medical information, employer identification numbers, tax identification numbers, passport numbers, or a foreign government's equivalent of any of these numbers or identifiers.

14. **Privileged Material**: documents or information that is, or that the Designating Party asserts is, protected from disclosure under the attorney-client privilege, attorney work product doctrine, and/or any other applicable statute, law, regulation, privilege, or immunity from disclosure. This Order is without prejudice to any Party's right to assert that any Disclosures or Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege, work product doctrine, the common interest privilege, the joint defense privilege, the bank or examination privileges, and any obligations under applicable

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 7 of 33

data privacy laws or regulations (including those available under European Union and English law) and is without prejudice to any other party's right to contest such a claim of privilege or protection.

15. **Producing Party**: a Party or Non-Party that produces Disclosures or Discovery Material in this litigation.

16. **Professional Vendors**: persons or entities specifically engaged for the limited purpose of providing litigation support services (e.g., ESI vendors; court reporters; photocopying; videotaping; translating; preparing exhibits, demonstratives or demonstrations; organizing, storing, processing, or retrieving data in any form or medium) and their employees and subcontractors.

17. **Protected Material**: any Disclosures or Discovery Material that are designated as "Confidential Information" or "Highly Confidential Information" pursuant to this Order.

18. **Receiving Party**: a Party that receives Disclosures or Discovery Material from a Producing Party in this litigation.

## II. SCOPE

1. The protections conferred by this Order cover not only Protected Material (as defined in Section I(17)), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by the Order do not prohibit a Party from using information received from another source outside of this Action, including information available in the public domain or made part of the public record through trial. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Nothing in this Order shall be construed to limit the use of any document at any trial or hearing in this matter consistent with this Order provided that the Parties take necessary advance precautions to avoid the public disclosure of Disclosures or Discovery Material. Disclosures or Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement or appeal thereof, of this litigation, and for no other purpose whatsoever. Specifically, the Parties expressly agree that the Disclosures or Discovery Material shall not be used for the institution or prosecution of any other action or proceeding in any foreign or domestic jurisdiction. If any Party uses Disclosures or Discovery Material for purposes other than those set forth in this Order, the Producing Party reserves all rights to pursue any legal or equitable remedies against the Receiving Party in any appropriate foreign or domestic jurisdiction, including the right to bring suit in this Court to enforce the terms of this Order.

## III. DESIGNATING PROTECTED MATERIAL

1. **Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualify for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a. For information in non-native documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" on each page of the document, in a manner that, to the extent feasible, does not interfere with the legibility of the document. With respect to documents for which the legend cannot be affixed, e.g., documents produced in native form, this legend shall be affixed to the Bates-labeled

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 9 of 33

placeholder image and identified in an accompanying load file as outlined in the forthcoming ESI Protocol.

b. For testimony given in a deposition or in other pretrial proceedings: that, unless all Parties agree otherwise on the record at the time the deposition testimony is taken, or hearing or other proceeding is held, all deposition testimony and pretrial proceedings shall be treated as Highly Confidential Information for a period of 30 days after the final transcript is delivered to the party being deposed. Within 30 days of receiving the final transcript of the proceeding (or such other period as the Parties shall mutually agree), the Party or Non-Party seeking to designate transcripts as Protected Material shall provide written notice to the Parties and the court reporter for the proceeding in question as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the notice of designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential Information or Highly Confidential Information in the lower left-hand corner of each designated page.

c. For information produced in electronic, audio, or video format, and for any other tangible forms: that the Producing Party affix the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in a prominent place on the item itself or the exterior of the container or containers in which the information or item is stored, in any metadata accompanying the production, and/or in the electronic file name, in any suitable and readily viewable manner. Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced transfers or replicates the information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such

Receiving Party shall mark the hard copy by affixing the designation "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" to each page of such document.

2. **Inadvertent Failures to Designate.** If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information or Highly Confidential Information under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate qualified information or items as Confidential Information or Highly Confidential Information does not waive the Producing Party's rights to secure protection under this Order for such material. If material is re-designated Confidential Information or Highly Confidential Information after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 11 of 33

3. **Inadvertent Designations.** If it comes to a Party's or Non-Party's attention that information was designated for protection, but does not qualify for that protection, that Party should take reasonable steps to notify the Designating Party to determine in good faith what the appropriate designation should be. If the information requires de-designation, the Designating Party shall reproduce copies of the materials with their designations changed within a reasonable amount of time.

## IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If a Challenging Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge. Within 10 business days after the time that the notice is received, the Parties will meet and confer concerning the challenge, unless otherwise agreed.

If the Parties cannot resolve a dispute about a confidentiality designation during the meet and confer process, it shall be the obligation of the Challenging Party to file a discovery letter-motion for a pre-motion discovery conference pursuant to Local Rule 37.2 within 10 business days of the Parties' failure to resolve the challenge. The disputed information shall continue to be treated as Confidential Information or Highly Confidential Information under the terms of this Order unless and until the Court issues a ruling on the dispute. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations changed in accordance with the ruling within a reasonable amount of time following the ruling.

Case 1:23-cv-05095-JGK Document 209 Filed 10/03/26 Page 11 of 32

## V. ACCESS TO AND USE OF PROTECTED MATERIAL

1. **General Protections.** Except as set forth below, Protected Material shall not be used or disclosed for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this litigation, including any appeal thereof. Except as required by law, Protected Material may not be used for any other purpose including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions and transaction at issue in this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Order, however, shall prevent or prejudice any Designating Party from using its own documents for any purpose, including privately disclosing its own Protected Material to others not mentioned in this Section V, and such private disclosure shall not waive the protections of this Order.

2. **Storage of Protected Material.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order. The recipient of any Confidential Information or Highly Confidential Information shall maintain such Protected Material in a secure and safe manner, exercising a reasonable standard of care with respect to the storage, custody, and use of such material sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure.

3. **Disclosure of Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to the following persons and only to the extent reasonably necessary to prosecute or defend this litigation:

   a. the Receiving Party's Outside Counsel;

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 13 of 33

b. current officers, directors, or employees (including In-House Counsel and former employees) of each Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

c. any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6) provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to the topic(s) for which the person has been designated and who have signed Exhibit A;

d. Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation and who have signed Exhibit A, provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this litigation;

e. the Receiving Party's insurers and auditors, and the insurers' and auditors' employees, to whom disclosure is reasonably necessary and who have signed Exhibit A;

f. the Court and its personnel in this litigation and any appellate court in this litigation;

g. court reporters and/or videographers, their staff, and Professional Vendors and their staff (including employees and subcontractors) retained for purposes of the litigation and who have signed Exhibit A;

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 14 of 33

h. the author(s), custodian(s), or recipient(s) of the document (not including a person who received the document solely in the course of this litigation) or the original source(s) of the information;

i. any natural person who is referenced in the document or whose conduct is purported to be identified in the document, provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has signed Exhibit A;

j. during their testimony (including at depositions and hearings), witnesses in the litigation to whom disclosure is reasonably necessary, provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, and provided further that such witness has signed Exhibit A or the witness is explicitly informed by the Outside Counsel representing the witness that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Order. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information may not be disclosed to anyone except as permitted under this Order;

k. any special masters, mediators, or other alternative dispute resolution neutrals who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes, including their secretaries, paraprofessional assistants, and other employees who are actively engaged in assisting the mediators in connection with this matter and who have signed Exhibit A; and

l. other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

4. **Disclosure of Highly Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Highly Confidential Information only to the following persons and only to the extent reasonably necessary to prosecute or defend this litigation:

a. the Receiving Party's Outside Counsel;

b. the Receiving Party's In-House Counsel who are tasked with monitoring the progress of this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

c. for any Party that does not have in-house counsel, two officers or directors of the Party, each designated in writing to the other Parties no later than 10 days before the designated individual is first provided access to Highly Confidential Information, who are not involved in competitive decision-making with respect to any products that are the subject of this litigation, to whom disclosure is reasonably necessary, and who have signed Exhibit A;

d. any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), provided that Counsel for the Party intending to disclose the

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 16 of 33

information has a good faith basis for believing such Highly Confidential Information is relevant to the topic(s) for which the person has been designated and who have signed Exhibit A;

e. Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation and who have signed Exhibit A provided that any part of a report created by such expert or consultant incorporated Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this litigation;

f. the Receiving Party's insurers and auditors, and the insurers' and auditors' employees, to whom disclosure is reasonably necessary and who have signed Exhibit A;

g. the Court and its personnel in this litigation and any appellate court in this litigation;

h. court reporters and/or videographers, their staff, and Professional Vendors and their staff (including employees and subcontractors) retained for purposes of the litigation who have signed Exhibit A;

i. the author(s), custodian(s), or recipient(s) of the document (not including a person who received the document solely in the course of litigation) or the original source(s) of this information;

j. any natural person who is referenced in the document or whose conduct is purported to be identified in the document, provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person

has knowledge, and disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has signed Exhibit A;

k. during their testimony (including at depositions and hearings), witnesses in the litigation to whom disclosure is reasonably necessary, provided that Counsel for the Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, and provided further that such witness has signed Exhibit A or the witness is explicitly informed by the Outside Counsel representing the witness that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Order. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information may not be disclosed to anyone except as permitted under this Order;

l. any special masters, mediators or other alternative dispute resolution neutrals, who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes, including their secretaries, paraprofessional assistants, and other employees who are actively engaged in assisting the mediators in connection with this matter and who have signed Exhibit A; and

m. other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

5. To the extent any person is required to complete the certification contained in Exhibit A, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures for purposes of this Order. Counsel for each Receiving Party shall maintain a collection of the signed Exhibit A forms that it obtains from persons to whom it discloses Protected Material.

6. **Use of AI with Protected Material.** The Parties hereby agree that the entry of a separate supplemental protective order governing the use of advanced large language models, "generative" artificial intelligence ("AI") tools, machine-learning models, and AI-enabled features may be necessary and agree to negotiate and execute such a protective order. Nothing in this provision shall be construed to alter the Parties' agreed-to exchange of documents set forth in the Court's Scheduling and Case Management Order (ECF No. 202).

## VI. COUNSEL'S RELIANCE ON PROTECTED MATERIAL

Notwithstanding the provisions of Section V, Counsel may provide high-level summaries or characterizations of the evidence in this litigation to their respective clients for the purpose of obtaining instructions in conducting this litigation. Nothing in this Order is intended to bar or otherwise prevent any Counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Protected Material.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. If a Receiving Party is served with a subpoena, discovery request, order, or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that

would compel disclosure of any Protected Material (collectively, a "Request"), the Receiving Party must:

a. notify the Designating Party, to the extent permitted by law, in writing (by email, if possible) as soon as reasonably practicable after receipt unless production is required earlier in which case the notice must be made in time for the Designating Party to take steps as set forth below. Such notification must include a copy of the Request. The Party who is served with the Request also must promptly inform in writing the party who issued the Request that some or all the material covered by the Request is the subject of this Order;

b. In addition, the Receiving Party must promptly provide a copy of this Order to the party in the other matter who issued the Request. To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier; and

c. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request equivalent confidential treatment for the Protected Material.

2. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the litigation to disobey a lawful directive from another court or body authorized to issue such directives.

3. In the event that Protected Material is produced to any party that is not a Party in this litigation as a result of a Request, such Protected Material shall continue to be treated in this litigation in accordance with any designation as Protected Material.

4. In the event Disclosures or Discovery Material is or was produced to any Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Disclosures or Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## VIII. UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL

If a Receiving Party learns that it or its Counsel, officers, directors, employees, Experts or Consultants, or agents, by inadvertence or otherwise, has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Party must within 5 business days of learning of such disclosure: (a) notify in writing the Designating Party of the unauthorized disclosure and to the extent feasible identify the Bates-labeled number of the unauthorized disclosure; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the Protected Material; (d) if feasible, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (e) if feasible, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" contained in Exhibit A.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1. **Non-Waiver of Privilege By Inadvertent Production.**

a. This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to Privileged Material. The

inadvertent production of Privileged Material shall be governed by this Order and not subject to the provisions in Federal Rule of Evidence 502(b). If a Producing Party inadvertently produces Privileged Material in connection with this litigation and thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), subject to the terms of this Order, that production shall not, in and of itself, constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

b. This Order does not preclude a Party from intentionally waiving any claims of privilege. The scope of any such intentional waiver shall be governed by Federal Rule of Evidence 502(a). In the event of any dispute concerning whether a waiver of privilege or work product protection has occurred, the Parties shall meet and confer in good faith in an effort to resolve the dispute before seeking relief from the Court.

c. Except as expressly provided herein, this Order shall not affect the application of any rules, including but not limited to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, governing the assertion, application, or challenge of any claim of privilege.

2. **Clawback of Inadvertent Disclosure**

a. **Clawback Process.** Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information. Any Producing Party may request, in writing including through e-mail, the return or destruction of any Disclosed Protected Information by identifying such information and stating the basis for its protection from production ("Clawback

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 22 of 33

Notice"). Each Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, including at least the information required by Rule 26(b)(5)(A)(ii). Within 3 business days of the request, the Producing Party must provide a supplemental production volume overlay matching the identified Disclosed Protected Information, so that the Receiving Party can replace the specified documents in its review platform. That overlay should include a redacted form of the Disclosed Protected Information if the claim is that only a portion of the document(s) is privileged, or a slip sheet noting that the document(s) has been withheld on privilege grounds if the Producing Party claims that the entire document(s) is privileged. Within 30 days of the request, the Producing Party shall produce a privilege log with respect to the clawed back Disclosed Protected Information.

b. If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties or Non-Parties, each Receiving Party shall within 10 business days of receipt of written notice destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and provide written certification of the same. If a Receiving Party intends to contest the assertion of privilege or other protection claimed by the Producing Party for the Disclosed Protected Information clawed back, the Receiving Party shall provide the Producing Party with a "Notice of Clawback Challenge" no later than within 7 business days of receipt of the Producing Party's Clawback Notice. The notice shall provide the reason for the Receiving Party's challenge to the privilege or other protection. If the Receiving Party provides a Notice of Clawback Challenge, the Receiving Party may retain a copy of the disclosed material to prosecute its challenge to the assertion of protection, but for no other purpose.

c. To the extent that a Producing Party seeks to claw back more than 100 documents within a ten-day period, the Receiving Party shall promptly return or destroy the

Disclosed Protected Information and all copies thereof, but shall be provided an additional 5 business days over the time provided under Section IX(2)(b) to provide a Notice of Clawback Challenge following receipt of the Producing Party's Clawback Notice.

d. If a clawback is challenged, the Producing Party and Receiving Party shall meet and confer in good faith regarding the disputed claim after the Producing Party produces its privilege log pursuant to Section IX(2)(a). If, at the conclusion of the meet and confer process, the Parties are still not in agreement, within 7 business days of the Parties reaching an impasse declared by either the Producing Party or the Receiving Party, the Receiving Party must bring the issue to the Court. The Receiving Party may provide a sealed copy of the disputed document for the Court's review in camera. A Receiving Party shall make no use of the Protected Material subject to the request for return until the Clawback Challenge is resolved. Any motion to compel production filed by the Receiving Party shall not rely on any portion of the document. The return of any Protected Material to the Producing Party shall not in any way preclude a Receiving Party from moving the Court for a ruling that the disclosed information is not privileged or that such privilege has been waived; however, a Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

e. All clawbacks must be requested no later than 30 days before the submission of the Parties' joint pretrial order.

f. Where a Receiving Party agrees to or is ordered to destroy a clawed back document, the Receiving Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To

the extent that it is not technologically feasible for a Receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the Parties will meet and confer as to an acceptable alternative approach. Nothing in this Stipulation and Order is intended to preclude either party from seeking fees or expenses associated with the unreasonable or excessive clawback of documents.

3. **Receiving Party's Obligation**. A Party who is notified or discovers that it may have received Disclosed Protected Information must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

4. **Clawbacks Before Deposition**. If a Producing Party attempts to claw back Disclosed Protected Information authored or received by an individual (including an organizational designee) who is scheduled for a deposition within thirty (30) calendar days of the date of the Clawback Notice, and the propriety of the clawback is not resolved as set forth herein prior to the date of the deposition, then the Parties (including any involved Non-Parties) will meet and confer on the appropriate course of action, which may, but need not necessarily, include:

a. rescheduling the deposition until the issue is resolved by the Court; and/or

b. conferring prior to the deposition to determine if the document may be used in the deposition subject to agreed-upon limitations.

5. **Clawbacks During Deposition.** If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Disclosed Protected Information, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or other protection, or (b) instruct the witness not to answer questions concerning the document

pending a prompt resolution of any disagreement concerning the document's protected status. If the Producing Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the document purportedly containing Disclosed Protected Information. Immediately following the deposition, the Parties will commence the procedures set forth in this Order to address the claim of privilege or other protection, including the Clawback Notice requirement. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Information. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Parties agree to meet and confer in good faith regarding any request by the deposing Party to depose the witness about the document.

6. **Privilege Challenges**. With respect to documents redacted or withheld from production initially, a Receiving Party who wishes to challenge the assertion of privilege in the first instance shall do so in accordance with the procedure to be set forth in the ESI Protocol agreed to by the Parties. Except as expressly provided above, this Order shall not affect the operation of any other rules, including but not limited to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, governing the assertion, application, or challenge of any claim of privilege.

## X. FILING PROTECTED MATERIAL

The filing of any document that has been designated as Confidential or Highly Confidential or any documents disclosing the contents of Protected Material shall be governed by the Individual Practices of Judge John G. Koeltl and nothing in this Order shall require a departure from the requirements set forth therein. A Designating Party is not required to file a document under seal if the Confidential or Highly Confidential Information contained or reflected in the document was

Case 1:23-cv-05095-JGK Document 205-1 Filed 10/02/26 Page 26 of 33

so designated solely by that Designating Party. The Court's denial of a motion to seal shall not prohibit a Party from filing a document or materials that are designated as Confidential Information or Highly Confidential Information under this Order.

## XI. USE OF PROTECTED MATERIAL AT HEARINGS

Nothing in this Order shall be construed to limit the use of any document(s) at any hearing provided that the Parties take necessary advanced precautions to avoid the public disclosure of Protected Material. A Party that intends to present, or that anticipates that another Party may present, Protected Material at a hearing shall bring that issue to the Court's and Parties' attention by motion or in a memorandum sufficiently in advance of the proceeding without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearings.

## XII. USE OF PROTECTED MATERIAL AT TRIAL

The undersigned agree to meet and confer and, as appropriate, to invite Non-Parties or Settling Defendants to confer, concerning the use of any Protected Material during the trial of this litigation. The use of Protected Material at trial shall not cause such Protected Material to lose its status as Protected Material.

## XIII. NON-PARTIES AND ADDITIONAL PARTIES

In conducting discovery from Non-Parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Non-Parties from whom discovery is requested are subject to this Order and are entitled to the protections of this Order in responding to such requests.

## XIV. FINAL DISPOSITION

Unless prohibited by law or otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of the litigation (including any appeals), each Receiving Party must, at their election, either: (a) return all Protected Material to the Producing Party; or (b)

destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision: (i) Counsel are not expected to access and extract any Protected Material from their disaster recovery systems; and (ii) Counsel are entitled to retain an archival copy of all pleadings, final expert reports and supporting materials, motion papers, exhibits, transcripts, legal memoranda, emails and other correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

## XV. MISCELLANEOUS

1. **Right to Further Relief.** Nothing in this Order abridges the right of any person with standing concerning the subject matter for good cause shown following notice to all Parties and an opportunity for them to be heard to seek its modification by the Court in the future.

2. **Party's Disclosure of Its Own Documents.** Nothing in this Order shall prevent a Producing Party from disclosing its own Disclosures or Discovery Material, including Protected Material, in any manner it chooses.

3. **Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information

on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

4. **Effectiveness When Executed.** Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

5. **Modification.** This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

6. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential Information or Highly Confidential Information by Counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

7. **Court Retains Jurisdiction.** The Court retains jurisdiction even after final disposition of this litigation to enforce this Order by the sanctions set forth in Federal Rule of Civil Procedure 37 and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Order in contempt and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

8. **Cooperation Material.** Nothing in this Order shall modify the Stipulation and Protective Order governing the Confidentiality of Cooperation Material (ECF No. 128). The Parties shall meet and confer regarding any disputes about how documents or other cooperation material that were produced by Defendants Citigroup Global Markets Limited, Citigroup Global Markets Inc., HSBC Bank plc, HSBC Securities (USA) Inc., RBC Europe Limited, RBC Capital

Markets LLC, Morgan Stanley & Co International Plc, and Morgan Stanley & Co. LLC (collectively, the "Settling Defendants") pursuant to the Stipulation and Protective Order governing the Confidentiality of Cooperation Material (ECF No. 128) should be treated under the terms of this Protective Order.

9. **Not Binding on the Court.** This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

**SO ORDERED** this 5 day of October, 2026:

**HON. JOHN G. KOELTL**
**UNITED STATES DISTRICT JUDGE**

IT IS SO STIPULATED, through Counsel of Record.

Dated: October 2, 2026

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Patrick Coughlin*
PATRICK COUGHLIN
CARMEN MEDICI (*pro hac vice)*
FATIMA BRIZUELA
PATRICK J. RODRIGUEZ
DANIEL J. BROCKWELL (*pro hac vice)*
JONATHAN SMALLWOOD (*pro hac vice)*
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: 619-233-4565
Fax: 619-233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com
prodriguez@scott-scott.com
dbrockwell@scott-scott.com
jsmallwood@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
DONALD A. BROGGI
KRISTEN M. ANDERSON
MICHELLE E. CONSTON
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334
dbroggi@scott-scott.com
kanderson@scott-scott.com
mconston@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
DAVID R. SCOTT
AMANDA LAWRENCE
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel: 860-537-5537
Fax: 860-537-4432

Case 1:23-cv-05095-JGK Document 209 Filed 10/05/26 Page 30 of 32

david.scott@scott-scott.com
alawrence@scott-scott.com

*Counsel for Plaintiff Oklahoma Firefighters Pension and Retirement System, Plaintiff Ohio Carpenters Pension Fund, and Proposed Gilt Bonds Class Counsel*

**LOWEY DANNENBERG, P.C.**
VINCENT BRIGANTI
RAYMOND GIRNYS
ROLAND ST. LOUIS
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500
vbriganti@lowey.com
rgirnys@lowey.com
rstlouis@lowey.com

**BURKE LLP**
CHRISTOPHER BURKE
KATE LV
402 W. Broadway, Suite 1890
San Diego, CA 92101
Phone: (619) 369-8244
cburke@burke.law
klv@burke.law

**CRIDEN & LOVE, P.A.**
MICHAEL E. CRIDEN
LINDSEY C. GROSSMAN
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Phone: (786) 574-2695
MCriden@cridenlove.com
lgrossman@cridenlove.com

*Counsel for Plaintiff Hehmeyer, LLC, and Proposed Exchange Class Counsel*

**SIMPSON THACHER & BARTLETT LLP**

*/s/ Abram J. Ellis*
Abram J. Ellis

Avia Gridi
900 G Street, N.W.
Washington, DC 20001
(202) 636-5500
aellis@stblaw.com
avia.gridi@stblaw.com

Anthony C. Piccirillo
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
anthony.piccirillo@stblaw.com

*Counsel for Defendants Deutsche Bank Aktiengesellschaft (f/k/a Deutsche Bank AG) and Deutsche Bank Securities Inc.*

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I, ________________________________, have been informed that on the ________ day of ________________, 20 ___, the U.S. District Court for the Southern District of New York entered a Protective Order in the *Oklahoma Firefighters Pension & Retirement System v. Deutsche Bank Aktiengesellschaft*, No. 1:23-cv-05095. I have read the Protective Order, I agree to abide by the obligations of the Protective Order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the Protective Order, including my receipt or review of information that has been designated as "Confidential" or "Highly Confidential."

Printed Name: ____________________________

Signature: ____________________________

Signed in ________________________ on the ______ day of ________________, 20 ___.